# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIUS BLACK, | : CIVIL ACTION NO. 3:CV-15-1561 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| WARDEN - ALLENWOOD, | : |
| Respondent | : |

## MEMORANDUM

Before the court is a petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner, Julius Black, a Federal Bureau of Prisons ("BOP") inmate currently incarcerated in the Allenwood Federal Correctional Complex, Allenwood, Pennsylvania. Preliminary review of the petition has been undertaken, see 28 U.S.C. § 2243; see also, R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

---

1. Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R. 4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

## I. Background

On January 24, 2000, Black pled guilty to conspiring to possess cocaine with intent to distribute and conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. 841(a)(1) and 21 U.S.C. 846. (Doc. 5-2 at 3, Judgment in a Criminal Case).

On May 12, 2000, Black was sentenced to a term of 262 months imprisonment as to conspiring to possess cocaine with intent to distribute and 240 months imprisonment as to conspiring to possess marijuana with intent to distribute, to be served concurrently, for a total term of 262 months imprisonment. Id.

Black appealed his sentence to the United States Court of Appeals for the Sixth Circuit arguing that: "(1) the district court failed to independently inquire into whether [his] sentence was supported by competent evidence; and (2) [his] sentence might have exceeded his recommended sentencing range." (Doc. 5-2 at 34, Order, 6th Cir. Appeal Case No. 12-6468). The Sixth Circuit affirmed the district court's decision. Id.

On September 7, 2000, while Petitioner's appeal was pending, he filed his first 28 U.S.C. § 2255 petition. (Doc. 5-2 at 26, United States v. Hayes, et al., 3:99-cr-00026-CRS-CCG-5, Criminal Docket). By Order dated March 16, 2001, the

district court dismissed this § 2255 petition without prejudice to Petitioner refiling upon the conclusion of his direct appeal. Id.

On February 21, 2003, Black filed a second § 2255 petition, among other post-conviction pleadings. Id. Black's second § 2255 was denied and the district court denied his certificate of appealability as well. Id. Among the other post-conviction pleadings filed by Black was a motion to modify his sentence, which was denied on the merits, and affirmed by the Sixth Circuit. Id. Black also filed a motion for retroactive application of sentencing guidelines for a crack cocaine offense pursuant to 18 U.S.C. § 3582, which the sentencing court denied and the Sixth Circuit affirmed. Id.

In 2010, Black filed a habeas petition in the United States District Court for the Eastern District of Kentucky, pursuant to 28 U.S.C. § 2241, challenging the enhancement of his federal sentence pursuant to Begay v. United States, 553 U.S. 137 (2008). See Julius Black v. J.C. Holland, Case No. 2010-cv-00106, 2011 WL 2115646, slip op. at *1 (E.D. Ky. May 24, 2011). The petition was denied on its merits on May 24, 2011. Id.

In October 2012, Black filed his third § 2255 motion to vacate and a supplement in the District Court for Western District of Kentucky. (Doc. 5-2 at 26,

-3-

United States v. Hayes, et al., 3:99-cr-00026-CRS-CCG-5, Criminal Docket). By court order, the case was transferred to the Sixth Circuit as the district court concluded that Black was required to obtain authorization from the court of appeals prior to filing a second or successive § 2255 petition. Id. In his third motion to vacate (construed as a motion for order authorizing a successive petition), Black "argue[d] that his sentence was rendered improper by 18 U.S.C. § 3559 and state[d] that [his] claim was not previously available because the relevant language in the statute [was] new." (Doc. 5-2 at 34, Order, 6th Cir. Appeal Case No. 12-6468). On August 21, 2013, Black's motion was denied by the Sixth Circuit. Id.

On July 5, 2013, Black filed his fourth motion to vacate in the Western District of Kentucky arguing that his sentence was "in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 133 S. Ct. 2151 (2013), because the drug quantity was not alleged in the indictment and because the district court, rather than a jury, found the quantity of drugs upon which his sentence was based." (Doc. 5-2 at 36, Order, 6th Cir. Appeal Case No. 13-6001). By Order dated July 19, 2013 Petitioner's §2255 motion was also transferred to the Sixth Circuit as Black had not obtained the proper authorization prior to filing his

motion. (Doc. 5-2 at 26, <u>United States v. Hayes, et al.</u>, 3:99-cr-00026-CRS-CCG-5, Criminal Docket).

On February 19, 2014, Black's motion for authorization to file his successive motion to vacate was denied by the Sixth Circuit. (Doc. 5-2 at 36, Order, 6th Cir. Appeal Case No. 13-6001). Black subsequently filed another motion for retroactive application of sentencing guidelines for a crack cocaine offense pursuant to 18 U.S.C. § 3582, which was also was denied. (Doc. 5-2 at 26, <u>United States v. Hayes, et al.</u>, 3:99-cr-00026-CRS-CCG-5, Criminal Docket).

On August 10, 2015, Black filed the instant petition, seeking relief based on the following:

> On January 27, 2014, the Supreme Court made a "substantive" change to 21 U.S.C. § 841(b), and how it applies to 21 U.S.C. §§ 846 and 841(a)(1) which was not available to the petitioner at the time of his conviction, appeal or 28 U.S.C. § 2255 motion. This "substantive" change was due to the re-interpretation of 21 U.S.C. § 841(b), in <u>Burrage v. United States</u>, 571 U.S. ——, 134 S.Ct. 881, —— L.Ed.2d ——, 187 L.Ed. 715 (2014). And this "substantive" change directly affects the petitioner's sentence, as it makes the former sentencing factors in 21 U.S.C. § 841(b), elements of the offense in 21 U.S.C. §§ 846 and 841(a)(1).

(Doc. 1 at 2).

## II. <u>DISCUSSION</u>

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002) (citing Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997)). This safety valve language in Section 2255(e) has been strictly

construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir.1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir.1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir.1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir.2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir.2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening

Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

It is apparent that Black's petition is not viable under 28 U.S.C. §2241, as he is once again trying to challenge his conviction and sentence. However, to the extent that he is attempting to rely on case law not previously available to him, *i.e.*, Burrage, he is first required to request permission from the Second Circuit for leave to file a successive petition. See 28 U.S.C. § 2255(h). While the record reveals that Black has sought authorization from the Sixth Circuit on at least two prior occasions to file a successive §2255 motion on other grounds, there is no indication in the petition or in the record that he has attempted to obtain the requisite authorization to raise the Burrage claim. As such, the petition will be dismissed for lack of jurisdiction. See Dixon v. Schuylkill, 2015 WL 871828, slip op. at *3 (M.D. Pa. Feb. 27, 2015) (Kosik, J) (dismissing habeas petition where petitioner relies upon Burrage, but failed to first seek permission from the appropriate circuit court to file a second or successive motion pursuant to § 2255). See also Martinez v. Oddo, 2015 WL 4557405 at *3 (M.D. Pa. Jul. 28, 2015) (Brann, J.) (same); Wall v. Holt, 2014 WL 6769947 at *4 (M.D. Pa. Dec. 1, 2014) (Kosik, J.) (reasoning that "where a petitioner is being detained for conduct that has subsequently been rendered

non-criminal by an intervening Supreme Court decision[,]" he "simply cannot by-pass the requirements of §2255 and pursue a §2241 habeas petition" raising Burrage claim without first seeking leave to file a successive §2255 motion with the court of appeals). Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed. A separate Order will be issued.


Dated: April 22, 2016              /s/ William J. Nealon
                                   **United States District Judge**